```
 1  HANSON BRIDGETT LLP
    NEAL L. WOLF, SBN 202129
 2  nwolf@hansonbridgett.com
    425 Market Street, 26th Floor
 3  San Francisco, California 94105
    Telephone:  (415) 777-3200
 4  Facsimile:  (415) 541-9366

 5  Attorneys for Creditor(s)/Adversary Plaintiffs
    Souheil Jawad and Chaim Kolodny
 6

 7
```

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| In re | Case No. 19-42273-WJL |
| Zenaida Penetrante, | Chapter 13 |
| Debtor. | **COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT** |
| SOUHEIL JAWAD and CHAIM KOLODNY, | Adversary No. _____ |
| Plaintiffs, | |
| ZENAIDA PENETRANTE, | |
| Defendant. | |

For their Complaint to Determine Non-Dischargeability of Debt, Plaintiffs Souheil Jawad and Chaim Kolodny allege as follows:

1. Plaintiffs Souheil Jawad ("Jawad") and Chaim Kolodny ("Kolodny" and, together with Jawad, "Plaintiffs") are residents of this District.

2. Plaintiffs have never been listed or scheduled as creditors in this chapter 13 case by the Debtor Zenaida Penetrante ("Penetrante"), and did not learn of the filing of this case until December 17, 2019, more than two months after the case was commenced.

3. On or about September 24, 2018 ("Date of Closing"), Jawad and Kolodny

purchased equity interests in an entity, known as Holistic Care at Home, Inc., a California corporation ("Holistic"), from Penetrante pursuant to a written "Stock Purchase Agreement." The equity interests that Jawad and Kolodny purchased from Penetrante represented, in the aggregate, seventy percent (70%) of the common stock of Holistic, a controlling interest in Holistic.

4. At and prior to the Date of Closing, Penetrante represented to the Plaintiffs that Holistic was *completely free of debt*, to any party whatsoever.

5. The foregoing representation was false and fraudulent.

6. Plaintiffs relied upon the foregoing representation, to their detriment, in agreeing to enter into the above-described Stock Purchase Agreement.

7. Since the Holistic Closing, Plaintiffs have learned that, at the time of the Date of Closing, Holistic was saddled with debts totaling in excess of $350,000.

8. As a result of the foregoing, Penetrante is liable to the Plaintiffs, and each of them, in an amount to be determined by the Court, but in no event less than $350,000.

9. The debt of Penetrante to the Plaintiffs, and each of them, is a debt for money obtained by false pretenses, a false representation, or actual fraud within the meaning of section 523(a)(2)(A) of the Bankruptcy Code.

10. By reason of the foregoing, Plaintiff are entitled to a declaration and judgment that (a) Penetrante is liable to each of the Plaintiffs, in an amount to be determined by the Court, but in no event less than $350,000, and that (b) the foregoing debts are not dischargeable under section 1328(b) of the Bankruptcy Code and Rule 4007 of the Federal Rules of Bankruptcy Procedure.

WHEREFORE, Plaintiffs Souheil Jawad and Chaim Kolodny respectfully request that the Bankruptcy Court enter judgment in their favor and against Debtor Zenaida Penetrante declaring that (a) Penetrante is liable to each of the Plaintiffs, in an amount to be determined by the Court, but in no event less than $350,000, and that (b) the foregoing debts are not dischargeable under section 1328(b) of the Bankruptcy Code.

DATED: January 15, 2020                    HANSON BRIDGETT LLP

                                           By:   /s/ Neal L. Wolf
                                                 NEAL L. WOLF
                                                 Attorneys for Plaintiffs

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT